*164 The opinion of the Court was delivered by
Wardlaw, J.
The defendants were indicted for stealing, in August, 1866, a cow, of the value of fifteen dollars, cont. form. stat.
They have been found guilty; the indictment is unexceptionable; the proof seems to have been sufficient; the apparent uncertainty, produced by a general verdict of guilty, when one of the persons charged in the indictment had not been arrested and was not on trial,-has been removed by the report of the District- Judge, and we must suppose is corrected by proper entries in the journal of the Court — but is there now any law under which judgments of punishment can be awarded against the convicts ?
The stealing of a cow, of value above twelve pence, was at common law grand larceny, punishable for the first offence by branding, and for a second offence by death. An Act of 1789, (5 Stat. 139, § 2,) carrying out a policy indicated in previous Acts of 1704 (2 Stat. 261) and 1768, (4 Stat. 284,) altered the punishment by imposing upon the offender a fine, and if that was not paid .the alternative of whipping. An Act of December, 1866, (12 Stat. 407, § 14,) enacts that a simple larceny of goods, amongst which are enumerated “all domesticated animals” below the value of twenty dollars, “ shall be a misdemeanor” and considered a petit larceny; and the same Act, in section 10, subjects any person who is convicted of a misdemeanor to modes and degrees of punishment, at the discretion of the Court, which may far exceed in severity the fine by payment of which the offender, under the Act of 1789, might have expiated his offence. The Act of 1866 is absolutely inconsistent with the Act of 1789, in respect to cattle below the value of twenty,, dollars; with a case where the value is laid and found to be above twenty dollars we are not now engaged. The repeal of the punishment provided by the Act of 1789 for stealing neat cattle is a repeal of the Act in regard to cattle, for the Act relates only to punish *165 ment; and this repeal, effected by the Act of 1866, does not revive the common law, for the Act of 1866, eo instanti that it repeals the former punishment, substitutes another. There can be no judgment under the Act of. 1789, for it has been repealed. There can be none under the Act of 1866, for to punish under it would be to make it ex post facto. An exception in the Act of 1866 would have prevented the effect which it has produced upon cases of offences perpetrated before it was passed; but there being no exception, the consequences are the same, which Judge Bay, in the case of The State vs. Taylor, (2 McCord, 492,) said, had proceeded from the same Act of 1789 in reference to horse-thieves.
The motion in arrest of judgment is granted.
Dunkin, C. J., and Inglis, A. J., concurred.

Motion granted.